IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LARIOS,

     Plaintiff,                  No. 2:12-cv-1692 CKD P

     vs.

MIKE McDONALD,

     Defendant.          ORDER

_____/

     Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. (Dkt. No. 7.)

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect an initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff alleges that he arrived at High Desert State Prison (HDSP) in June 2010 and was kept on continuous lockdown for thirteen months due to his racial classification as a Northern Hispanic, despite following all the rules and regulations. Plaintiff alleges that "HDSP correctional officials" required him to sign a waiver stating that he had no problems with any other inmates in HDSP, and assured him that he would be taken off lockdown. However, even after he signed, he was "still not allowed any program (such as yard, telephone calls, canteen, or contact visits)," and HDSP correctional officials would not give him access to the yard. Plaintiff alleges that he remained confined to his cell twenty-four hours a day, seven days a week, causing undue stress to him and his family. As relief, he seeks "a law against racial based lockdowns" and damages. (Dkt. No. 1 ("Cmplt") at 4-5.)

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two

1  requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the
2  official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those
3  deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave
4  to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298
5  (1991) (citation omitted). "The inmate must then make a subjective showing that the deprivation
6  occurred with deliberate indifference to the inmate's health or safety." Patterson v. County of
7  San Diego, 2010 WL 3957398 *3 (S.D. Cal., 2010) (quoting Farmer, 511 U.S. at 834).

8         Where prisoners allege "long-term incarceration where they were in continuous
9  segregation, generally spending twenty-four hours each day alone in their cells," the deprivation
10 of outdoor exercise may constitute cruel and unusual punishment under the Eighth Amendment.
11 Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994), citing Spain v. Procunier, 600 F.2d 189, 199
12 (9th Cir. 1979); see also Toussaint v. Yokey, 722 F.2d 1490, 1493 (9th Cir. 1984) (denial of
13 outdoor exercise to inmates assigned to administrative segregation for over one year raised
14 "substantial constitutional question"). But see Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir.
15 2010) ("But Allen does not hold that a prisoner's right to outdoor exercise is absolute and
16 indefeasible, or that it trumps all other considerations.") (finding for defendants on outdoor
17 exercise claim on ground of qualified immunity).

18        While plaintiff's allegations raise constitutional concerns, plaintiff has named
19 HDSP Warden Mike McDonald as the sole defendant in this action without alleging his direct
20 involvement in the incidents described. Supervisory personnel are generally not liable under
21 § 1983 for the actions of their employees under a theory of respondeat superior and, therefore,
22 when a named defendant holds a supervisorial position, the causal link between him and the
23 claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858,
24 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442
25 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official
26 personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d

266, 268 (9th Cir. 1982).

For this reason, plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 30 days of service of this order. In an amended complaint plaintiff should not raise many unrelated claims, but rather focus on a few specific claims and describe the actions of the individual defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

1          3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: August 27, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
lari1692.B